UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-10154-GAO

FRANCES DARDEN,
Plaintiff,

v.

OCWEN LOAN SERVICING, LLC,
Defendant.

OPINION AND ORDER
April 10, 2015

O'TOOLE, D.J.

Plaintiff Frances Darden alleges that defendant Ocwen Loan Servicing, LLC ("Ocwen") sought foreclosure of her home even though her mortgage was discharged through a settlement agreement and the plaintiff is current on payments due on another mortgage for that same property. She brings claims of quiet title, violation of the Fair Debt Collection Practices Act ("FDCPA"), breach of contract, and intentional or negligent infliction of emotional distress. Darden originally filed her Complaint in Massachusetts Land Court. Ocwen subsequently removed the case to this Court on the basis of diversity jurisdiction and federal-question jurisdiction. The parties do not dispute that subject-matter jurisdiction is proper here, nor does Darden argue that the Land Court has exclusive jurisdiction over this claim. Rather, Darden contends that the Court should remand this action in light of the abstention doctrines in Younger v. Harris, 401 U.S. 37 (1971), and Burford v. Sun Oil Co., 319 U.S. 315 (1943).

**I.      Younger Abstention**

Under Younger v. Harris, abstention is appropriate where the "relief would interfere (1) with an ongoing state judicial proceeding; (2) that implicates an important state interest; and (3)

that provides an adequate opportunity for the federal plaintiff to advance his federal constitutional challenge.'" Massachusetts Delivery Ass'n v. Coakley, 671 F.3d 33, 40 (1st Cir. 2012) (quoting Rossi v. Gemma, 489 F.3d 26, 34-35 (1st Cir. 2007)). Whereas Younger originally applied to state criminal proceedings, it "has been extended to some quasi-criminal (or at least 'coercive') state civil proceedings [and] . . . those situations uniquely in furtherance of the fundamental workings of a state's judicial system." Rio Grande Cmty. Health Ctr. v. Rullan, 397 F.3d 56, 69 (1st Cir. 2005). For purposes of Younger, "the state judicial proceeding must be 'ongoing.'" Massachusetts Delivery Ass'n, 671 F.3d at 41.

Darden alleges that her mortgage was discharged pursuant to a prior superior court judgment and corresponding settlement agreement, and, as a result, this action will interfere with the state's continued enforcement of that agreement. While the Supreme Court in Pennzoil Co. v. Texaco, Inc., 481 U.S. 1 (1987), spoke to "the importance to the States of enforcing the orders and judgments of their courts," the Supreme Court also clarified that parties may seek relief in federal court when "the [State] courts render a final decision on any federal issue presented by [the] litigation." Id. at 13, 18. Darden attempts to characterize the state's enforcement of her settlement agreement as "ongoing," but the state court action has long since settled and there is currently no active enforcement action with respect to the agreement. As Darden cannot identify a pending state proceeding, the Court declines to remand this action under the Younger abstention doctrine.

## II.     Burford Abstention

Under Burford v. Sun Oil Co., a federal court may abstain from hearing a case where

> it presents "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar" or if its adjudication in a federal form "would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern."

2

Quakenbush v. Allstate Ins. Co., 517 U.S. 706, 726-27 (1996) (quoting New Orleans Pub. Serv., Inc. v. Counsel of City of New Orleans, 491 U.S. 350, 361 (1989)). Burford only applies in "'unusual circumstances, where federal review risks having the district court become the regulatory decision-making center.'" Chico Serv. Station, Inc. v. Sol Puerto Rico Ltd., 633 F.3d 20, 30 (1st Cir. 2011) (quoting Vaqueria Tres Monjitas, Inc. v. Irizarry, 587 F.3d 464, 473 (1st Cir. 2009)).

Darden asserts that this Court should refrain from interfering with the Massachusetts Land Court's jurisdiction over registration of title to real property and that Pomponio v. Fauquier County Bd. of Supervisors, 21 F.3d 1319 (4th Cir. 1994), supports her proposition that federal courts typically abstain from actions involving state property law. However, Pomponio involved the "construction of state or local land use or zoning law," not a quiet title claim. Id. at 1328. Indeed, both the First Circuit and the District of Massachusetts have recently heard cases involving try title claims, and neither court has demonstrated any difficulty in analyzing these issues. See Lemelson v. U.S. Bank Nat'l Ass'n, 721 F.3d 18, 22 (1st Cir. 2013) (interpreting the Massachusetts try title statute); Larace v. Wells Fargo Bank, N.A., 972 F. Supp. 2d 147, 151-52 (D. Mass. 2013) (rejecting argument that Massachusetts Land Court has exclusive jurisdiction over petitions to try title and interpreting Massachusetts try title statute); see also Barbosa v. Wells Fargo Bank, N.A., No. 12-cv-12236-DJC, 2013 WL 4056180, at *5-8 (D. Mass. Aug. 13, 2013) (finding that Younger and Burford abstention doctrines do not warrant remand in Massachusetts quiet title action). Moreover, this action involves federal claims under the FDCPA that are properly in this Court's jurisdiction.

Darden also fails to identify what "policy problem[] of substantial public import" is implicated in this Court's adjudication of a quiet title action. Burford itself involved an order

3

issued by the Texas Railroad Commission granting permits to drill oil wells in East Texas. 319 U.S. at 317. The Commission had exclusive authority in that area and was charged with weighing a complicated set of factors, from conservation of gas and oil and geological issues to the economic impact on the industry and the state. Id. at 320. In sum, the interests at stake in a straightforward quiet title action do not reach the same level of complexity and import as the complicated regulatory scheme at play in Burford. See Barbosa, 2013 WL 4056180, at *7 (distinguishing Burford where the plaintiffs sought remand in try title action).

## III. Conclusion

For the reasons stated herein, the plaintiff's Motion to Remand (dkt. no. 8) is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge